UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KENNETH W. OWENS** | **CIVIL ACTION NO. 3:13-cv-2873** |
|     **LA. DOC #118149** | |
| **VS.** | **SECTION P** |
| | |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN JACKIE VARNER AND** | |
| **SECRETARY JAMES LeBLANC** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Kenneth W. Owens, a prisoner in the custody of Louisiana's Department of Corrections (DOC), filed the instant petition for writ of *habeas corpus* on October 15, 2013. He claims that despite a 2007 order from Louisiana's First Circuit Court of Appeals, the respondents have failed to credit him with double good-time credits and therefore his continued incarceration is unlawful and he is entitled to his immediate release from custody. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner has failed to exhaust available state court remedies.

*Statement of the Case*

On January 4, 1989, petitioner was sentenced to serve 21 years at hard labor following a felony conviction and his subsequent adjudication as a second felony offender. This sentence was made consecutive to a 9 year hard labor sentence imposed the same date for the offense of attempted manslaughter.  On September 10, 2004, petitioner filed a petition for judicial review in the Nineteenth Judicial District Court seeking his immediate release from custody on the grounds

that his good time credits had been miscalculated. Petitioner argued that his sentence was computed improperly when the DOC applied the wrong statute giving him only 15 days credit per month served instead of the "double good time" credit he was entitled to. The District Court denied relief and petitioner appealed to the Louisiana First Circuit Court of Appeals. On June 8, 2007, that Court reversed the judgment of the Nineteenth Judicial District Court and ordered the DOC "... to amend the records of Kenneth W. Owens, including his Master Prison Record, to reflect appropriate credit for double good time earned from the date of imposition of sentence, January 4, 1989." *Kenneth W. Owens v. Richard L. Stalder, Secretary DOC*, 2006-1120 (La. App. 1 Cir. 6/8/2007), 965 So.2d 886.

Petitioner was then released on parole on June 14, 2007.

On May 30, 2008, petitioner filed a civil rights complaint naming various DOC employees, including former DOC Secretary Richard Stalder as defendants and seeking money damages for the miscalculation of good time credits which resulted in his imprisonment for an additional period of three years. That suit is still pending in the Alexandria Division with a scheduled trial date of July 28, 2014. *See Kenneth Owens v. Richard L. Stalder, et al.*, No. 1:08-cv-0768.

Thereafter, on June 25, 2013, petitioner filed another civil rights complaint alleging that on October 23, 2012, the defendants, DOC Secretary LeBlanc and Sheryl Ranatza, the Chairman of the Louisiana Parole Board, issued an illegal warrant/detainer which prevented him from making bail following his arrest on charges pending in the First Judicial District Court, Caddo Parish. He also alleged that on some date thereafter his parole was revoked and that he is the victim of false imprisonment. On September 12, 2013, that suit was dismissed with prejudice as

frivolous and for failing to state a claim for which relief might be granted.[1] Petitioner appealed but dismissed his appeal on October 31, 2013. *Kenneth W. Owens v. James M. LeBlanc, et al.,* No. 3:13-cv-2132.

He filed the instant petition on October 15, 2013. As noted above, petitioner seeks his immediate release from custody based upon his claims that the DOC has continued to miscalculate his good time release date. On November 22, 2013, he filed an amended petition alleging the following additional facts:

1. Petitioner was arrested by the Shreveport Police on October 22, 2012, and charged with a violation of La. R.S. 40:966 (distribution or possession with intent to distribute marijuana). On the same date he was advised that he was also being held on a warrant issued by the DOC.

2. On February 5, 2013, he submitted a grievance to DOC Secretary LeBlanc requesting that his sentence be amended or recalculated in accordance with the First Circuit opinion cited

---

[1] Petitioner prayed for his immediate release from custody; however, it was noted that "Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a *habeas corpus* action. To the extent that he maintains that his custody is pursuant to the judgment of a state court, he must seek relief in a petition for *habeas corpus* pursuant to 28 U.S.C. §2254; to the extent that he otherwise claims that his incarceration is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. §2241. In either case, he must first exhaust available state court remedies by fairly presenting the substance of his Constitutional claims to Louisiana's three tiered court system."

He also sought money damages for false imprisonment, however, it was further noted, "'[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254.' A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372."

above. His grievance was ignored. Thereafter on September 16, 2013, he submitted another grievance to the Records Analyst at David Wade Corrections Center requesting the same relief but that grievance was also ignored.

3. On April 8-10, 2013, petitioner claimed that the defendants advised him that they would release him from jail if he dropped his pending civil suit, presumably Civil Action No. 1:08-cv-0768.

4. Petitioner claims that he is falsely imprisoned in violation of the orders of Louisiana's First Circuit Court of Appeals and in violation of the due process clause and equal protection clauses of the Fourteenth Amendment and the right to be free from unlawful arrest and imprisonment as guaranteed by the Fourth Amendment.

*Law and Analysis*

Petitioner seeks *habeas corpus* relief pursuant to the general *habeas corpus* statute, 28 U.S.C. §2241. Unlike 28 U.S.C. §2254, which affords the *habeas* remedy to prisoners in custody pursuant to the orders of a State court, 28 U.S.C. § 2241 includes no statutory requirement that a petitioner exhaust state court remedies prior to bringing suit in federal court. However, the jurisprudence in this circuit and elsewhere mandates the exhaustion of all available state remedies as a prerequisite to filing a § 2241 petition. *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.1987); *see Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987) (requiring exhaustion of state remedies where a petitioner challenges a single parole determination as constitutionally defective).

Exhaustion as required by the jurisprudence interpretative of Section 2241 and as required by statute with regard to Section 2254 is "designed to protect the state court's role in the

enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Exhaustion of administrative and state court remedies assists the federal *habeas* court by developing a factual record, allowing the application of correctional expertise to the prisoner's claims, and hopefully resolving the issues without federal court intervention. *See McKart v. United States*, 395 U.S. 185, 193-195, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Williams v. O'Brien*, 792 F.2d 986 (10th Cir.1986).

The exhaustion doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be inappropriate for a federal district court to upset a state court conviction or to order the release from incarceration of a State prisoner without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Not only must a federal *habeas* petitioner fairly present his federal constitutional claim to the state courts, he must fairly present his claims to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom.*, *Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court. LSA

Const. Art. 5, § 5.

Thus, in order to properly exhaust a claim in the Louisiana courts, a federal *habeas* applicant, proceeding under either Section 2241 or 2254 must have (1) fairly presented the substance of his federal constitutional claims (2) in a procedurally correct manner according to the rules of the state courts (3) to the Louisiana Supreme Court. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir.2001; *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.1993); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).

It appears that petitioner is claiming that his current sentence is being miscalculated; and that the revocation of his parole was unlawful. Before he can collaterally attack his custody in federal court, he must first exhaust available remedies. The presumptively reliable published jurisprudence of the State of Louisiana indicates that petitioner has not yet obtained a judgment of the Louisiana Supreme Court with regard to his current custody status. In other words, petitioner, while he may have attempted exhaustion of administrative remedies, has clearly failed to exhaust the available court remedies provided by Louisiana law.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies prior to filing suit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In chambers, Monroe, Louisiana, December 5, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE